NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY SPINE AND ORTHOPEDICS, LLC, attorney in fact of P.M., <br><br> Plaintiff, <br><br> v. <br><br> BAE SYSTEMS, INC., <br><br> Defendant. | Civil Action No.: 2:19-cv-10735 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Defendant Bae Systems, Inc. ("Defendant") to dismiss Plaintiff New Jersey Spine and Orthopedics, LCC ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 12. The Court has carefully considered the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

II. **BACKGROUND**

On November 15, 2017, Plaintiff performed "surgical services for lumbar spine surgery" on P.M., who is insured by Defendant. ECF No. 1-1 ¶¶ 6–7. Plaintiff filed for reimbursement for services provided to P.M. on November 15, 2017. Id. at ¶ 8. From November 30, 2017 until February 8, 2018 Plaintiff was involved in the administrative appeals process. Id. at ¶ 9. Defendant allowed reimbursement totaling $3,926.80. Id. at ¶ 10. On April 2, 2019, Plaintiff brought the current action to enforce the plan benefit in the amount of $192,525.20 pursuant to 19 U.S.C. § 1132(a)(1)(b). See ECF No. 1. On April 23, 2019 Defendant removed this action to Federal Court. Id. On June 19, 2019 Defendant filed a motion to dismiss, which is now before the Court. ECF No. 12. Plaintiff opposed. ECF No. 15. Defendant replied. ECF No. 19.

## III. LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction." Univ. Spine Ctr. v. Aetna, Inc., No. 17-13654, 2018 WL 1757027, at *1 (D.N.J. Apr. 12, 2018), appeal filed, No. 18-1921 (3d Cir. Apr. 25, 2018). "Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter." N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 371 n.3 (3d Cir. 2015). "However, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is 'properly filed under Rule 12(b)(6).'" Univ. Spine Ctr., 2018 WL 1757027, at *1 (quoting N. Jersey Brain, 801 F.3d at 371 n.3). "Regardless, 'a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6).'" Id. (quoting N. Jersey Brain, 801 F.3d at 371 n.3).

"On a motion to dismiss for lack of standing, the plaintiff 'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" Id. (quoting FOCUS v. Allegheny Cty. Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996)). "For the purpose of determining standing, [the Court] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the complaining party." Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003).

## IV. DISCUSSION

"Under § 502(a) of ERISA, 'a participant or beneficiary' may bring a civil action to, *inter alia*, 'recover benefits due to him under the terms of his plan, to enforce his rights under the

terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" Univ. Spine Ctr., 2018 WL 1757027, at *2 (quoting 29 U.S.C. § 1132(a)). "Accordingly, standing to sue under ERISA is 'limited to participants and beneficiaries.'" Id. (quoting Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400-01 (3d Cir. 2004)). "As ERISA is silent on the issue of standing, Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider." Id. "Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary." N. Jersey Brain, 801 F.3d at 372. In a recent Third Circuit decision, the court held that "anti-assignment clauses in ERISA-governed health insurance plans as a general matter are enforceable." Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield, 890 F.3d 445, 453 (3d Cir. 2018). In fact, "a majority of circuits, as well as courts in the Third Circuit, have given effect to anti-assignment provisions such as the one in this case and denied standing." Univ. Spine Ctr., 2018 WL 1757027, at *3 (citing cases).

Here, there is an anti-assignment provision and therefore, Plaintiff alleges standing based on a power of attorney executed by P.M. naming Plaintiff as its true and lawful Attorney in Fact. ECF No. 1-1 ¶ 15. There is a "general prohibition on a litigant's raising another person's legal rights." Lexmark Int'l Inc. v. Static Control Components, Inc., 572 U.S. 118, 126 (2014) (citation omitted). Granting power of attorney is not an assignment and "does not enable the grantee to bring suit in his own name." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 12–18 (2d. Cir. 1997). Granting a power of attorney "does not transfer an ownership

interest in the claim." Am. Orthopedic & Sports Med., 890 F.3d at 455 (quoting W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP, 549 F.3d 100, 100 (2d Cir. 2008)).

The Complaint identifies New Jersey Spine and Orthopedics, LLC as the Plaintiff, not PM, the patient and beneficiary of the benefit plan. See ECF No. 1-1. An attorney in fact cannot litigate on their own behalf and for their own benefit. Further, the Complaint seeks to enforce Plaintiff's rights, rather than the rights of P.M. and there is no allegation that P.M. has suffered any harm. Id. Any lawsuit brought under an assignment of benefits, is barred by the anti-assignment provision. Therefore, Plaintiff lacks standing upon which to bring its ERISA claims.

## V. CONCLUSION

**IT IS THEREFORE** on this ____ day of January 2020,

**ORDERED** that Defendant's motion to dismiss (ECF No. 12) is **GRANTED**; and it is further;

**ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further;

**ORDERED** that Plaintiff is hereby granted thirty (30) days from the date of entry of this Order in which to file an amended complaint that cures the pleading deficiencies as set forth by the Court.

**SO ORDERED.**

DATED: January 29, 2019

_____
CLAIRE C. CECCHI, U.S.D.J.