NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| P.M., by its attorney in fact NEW JERSEY SPINE AND ORTHOPEDICS, LLC, under a power of attorney,<br><br>        Plaintiff,<br><br>  v.<br><br>BAE SYSTEMS, INC.,<br><br>        Defendant. | Civil Action No.: 2:19-cv-10735<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

## I.    INTRODUCTION

This matter comes before the Court on the motion of Defendant Bae Systems, Inc. ("Defendant") to dismiss the amended complaint (the "Amended Complaint"). ECF No. 28. Plaintiff P.M. ("Plaintiff") by its attorney in fact New Jersey Spine and Orthopedics, LLC ("NJ Spine"), under a power of attorney, filed a brief in opposition (ECF No. 31) and Defendant replied (ECF No. 38).  The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## II.    BACKGROUND

On November 15, 2017, NJ Spine performed "surgical services for" a "lumbar spine surgery" on P.M., who has a welfare benefits plan (the "Plan") through Defendant. ECF No. 21 ¶¶ 6–8.  On the same day, NJ Spine filed for reimbursement from Defendant. Id. at ¶ 9. Defendant ultimately allowed reimbursement totaling $4,141,38. Id. at ¶ 11.

On April 2, 2019, NJ Spine brought this action in the Superior Court of New Jersey, Essex County to enforce the Plan benefit in the amount of $192,525.20 pursuant to 19 U.S.C. §

1132(a)(1)(b). ECF No. 1.  The complaint alleged that "[t]his dispute arises from Defendant's failure to properly reimburse [NJ Spine] for the medically necessary, reasonable and valuable surgical services provided to P.M. on or about November 5, 2017." ECF No. 1-1 at 2.  Defendant removed the action to Federal Court (ECF No. 1) and then moved to dismiss the complaint on the basis that NJ Spine lacked standing to bring suit on behalf of P.M. (ECF No. 12 at 1).  On January 29, 2019, this Court granted the motion to dismiss as it found that NJ Spine lacked standing to bring ERISA claims. ECF No. 20 at 4 ("The Complaint identifies New Jersey Spine and Orthopedics, LLC as the Plaintiff, not P.M., the patient and beneficiary of the benefit plan. . . . Further, the Complaint seeks to enforce Plaintiffs rights, rather than the rights of P.M. and there is no allegation that P.M. has suffered any harm. . . .  Therefore, Plaintiff lacks standing upon which to bring its ERISA claims.").  The dismissal was without prejudice and allowed Plaintiff to file an amended complaint within thirty days of the decision. Id.  On February 26, 2020 P.M. filed the Amended Complaint. ECF No. 21.

III.  **LEGAL STANDARD**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "A pleading that offers labels and conclusions will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations

omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  When reviewing complaints for failure to state a claim, courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . .  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

## IV.   <u>DISCUSSION</u>

As a preliminary matter, Plaintiff argues pursuant to Federal Rule of Civil Procedure 12(g)(2) that Defendant is barred from bringing a motion to dismiss based on pleading issues raised for the first time in the instant motion because Defendant's previous motion to dismiss only raised issues with respect to standing and the anti-assignment provision of the insurance plan. ECF No. 31 at 4.  Where an amended complaint contains new allegations, however, a defendant may move to dismiss with a new 12(b)(6) motion and Rule 12(g)(2) does not apply. *See, e.g.*, *Kroger Co. v. New Enter. Stone & Lime Co.*, 2019 WL 4615966, at *2 n.12 (E.D. Pa. Sept. 25, 2019); *Negron v. Sch. Dist. of Philadelphia*, 994 F. Supp. 2d 663, 666–67 (E.D. Pa. 2014).  Here, the Amended Complaint contains different allegations than the initial complaint. Most importantly, the initial complaint was brought by NJ Spine on behalf of P.M., whereas the Amended Complaint was brought by P.M. through NJ Spine under a power of attorney.  The Employee Retirement Income Security Act ("ERISA") requires a specific relationship between plaintiff and defendant. *See* 29 U.S.C. § 1132(a)(1)(B).  Therefore, a change in the named plaintiff here substantively affects the allegations in the complaint.  Accordingly, Defendant is

not barred from bringing the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant primarily argues that the Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because the Amended Complaint does not allege that the Defendant is required to pay P.M. or NJ Spine any additional amount above the specified out of network allowance. ECF No. 28-1 at 5 ("Nothing in the Plan, ERISA, or applicable case law interpreting ERISA confers upon NJ Spine—or P.M.—a right to demand anything other than the out-of-network allowance provided under the Plan terms."). Plaintiff argues that the Amended Complaint sufficiently alleges a claim under ERISA because it "ties its claim to benefits to a specific plan provision," and specifically claims that the "maximum reimbursable charge section" is the "exact plan provision Plaintiff is claiming benefits under." ECF No. 31 at 9.

Here, even taking the allegations as true, the Amended Complaint does not demonstrate an entitlement to relief. Despite Plaintiff's assertions in the briefing, the Amended Complaint does not contain allegations tying the demand for full payment of additional benefits to a specific provision in the Defendant's plan. Instead, the Amended Complaint references generic or standard terms in plan documents which are insufficient to support Plaintiff's claims. *See* ECF No. 28-1 at 6. Plaintiff has not tied its claim to a specific plan provision as required by the holding in *K.S. v. Thales USA, Inc.*, 2019 WL 1895064 (D.N.J. Apr. 29, 2019). Courts in this district routinely grant motions to dismiss when a plaintiff fails to tie its allegation to a specific provision in the defendant's Plan. *See, e.g.*, *Univ. Spine Ctr. v. Cigna Health & Life Insurance Co.*, 2018 WL 4144684 (D.N.J. Aug. 29, 2018); *Atlantic Plastic & Hand Surgery v. P.A. Anthem Blue Cross Blue Shield Life & Health Ins. Co.*, 2018 WL 1420496 (D.N.J. Mar. 22, 2008).

In the Amended Complaint, Plaintiff references the "out of network section, recognized charges section, allowance section and/or CPT coding section of Defendant's Summary Plan Description," as the bases for its claim to additional payment. ECF No. 21 at ¶¶ 19–21. Defendant points out that multiple courts have dismissed claims with almost identical language. ECF No. 28-1 at 3 ("[T]he Amended Complaint barely differs from the initial Complaint. It is also nearly identical to complaints that courts in this District have routinely—and quite recently—dismissed for failure to state a claim."). Plaintiff responds in its opposition to the motion that the "maximum reimbursable charge section" is the precise provision Plaintiff claims benefits under. ECF No. 31 at 9. However, this language, or anything akin to it, does not appear in the Amended Complaint, and it is well-settled that a brief in opposition cannot be used to expand the allegations of the operative pleading. *Hughes v. United Parcel Service, Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016) (internal citation and quotation marks omitted) ("As this Court has noted, it is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint."). As such, the Amended Complaint fails to properly identify the plan provision giving rise to Plaintiff's claims or explain how those provisions would entitle Plaintiff to recovery, but Plaintiff will be afforded an opportunity to properly plead such allegations in a second amended complaint.[1]

V.    **CONCLUSION**

**IT IS THEREFORE** on this 23rd day of December 2020,

**ORDERED** that Defendant's motion to dismiss (ECF No. 28) is **GRANTED**; and it is further;

---

[1] Plaintiff specifically requested leave to file a second amended complaint should the Court find that the Amended Complaint failed to set forth sufficient factual allegations. ECF No. 31 at 9.

**ORDERED** that the Amended Complaint (ECF No. 21) is **DISMISSED WITHOUT PREJUDICE**; and it is finally;

**ORDERED** that Plaintiff is hereby granted thirty (30) days from the date of entry of this order in which to file a second amended complaint that cures the pleading deficiencies as set forth by the Court.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**